**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**Eastern Division**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| **TRP Brands, LLC, *et al.*,** | § | **Case No. 24-1529** |
| **Debtors.** | § | **(Jointly Administered)** |
| **MATTHEW BRASH, solely in his capacity as Trustee of the TRP Brands Creditor Trust,** | | **Adv. No. ____________** |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| **BLDG MANAGEMENT CO., INC.,** | § | |
| **Defendant.** | § | |

**COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS**
**PURSUANT TO 11 U.S.C. §§ 547 AND 550**

Plaintiff, Matthew Brash, soley in his capacity as Trustee of the Creditor Trust for the TRP Brands, LLC bankruptcy estates (the "Trust"), by and through its undersigned counsel, alleges as follows:

*Nature of the Action*

1. This is an adversary proceeding to avoid and recover certain transfers made by the Debtors to Defendant within 90 days prior to the commencement of these Chapter 11 cases under 11 U.S.C. §§ 547 and 550.

*Jurisdiction and Venue*

2. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

4. Venue is proper under 28 U.S.C. § 1409(a).

*Parties*

5. Plaintiff, Matthew Brash, is the duly appointed Trustee of the Trust, which was established pursuant to the confirmed Plan of Reorganization of TRP Brands LLC and The RoomPlace Furniture and Mattress LLC (collectively, the "Debtors"). Under the Plan and the Confirmation Order, the Creditor Trust—and the Trustee acting on its behalf—was vested with authority to pursue all estate causes of action, including avoidance actions under chapter 5 of the Bankruptcy Code.

6. Defendant is a corporation with a principal business address at 417 Fifth Avenue, Suite 400, New York, New York 10016.

*Factual Allegations*

7. On February 2, 2024, Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois.

8. Prior to the Petition Date, Defendant provided goods or services to one or more of the Debtors, giving rise to claims against the Debtors for unpaid obligations.

9. Within the 90 days preceding the Petition Date, the Debtors made transfers to or for the benefit of Defendant totaling approximately $50,459.74 (the "Transfers").

10. The Transfers were made by the Debtors to or for the benefit of Defendant on account of antecedent debts owed by the Debtors.

11. The Debtors were insolvent at the time of the Transfers, as presumed under 11 U.S.C. § 547(f).

12. The Transfers enabled Defendant to receive more than it would have received if:

a. The Debtors' cases had been cases under Chapter 7;

b. The Transfers had not been made; and

c. Defendant received payment on account of its debts to the extent provided by the Bankruptcy Code.

13. Before bringing this action, Plaintiff undertook reasonable due diligence under the circumstances of the case, including review of the Debtors' books and records, payment history, correspondence, and publicly available information regarding Defendant's business activities. Plaintiff further considered whether known or reasonably knowable affirmative defenses under 11 U.S.C. § 547(c) might apply, including but not limited to defenses relating to ordinary course of business, subsequent new value, and trust fund treatment. Based on that diligence, Plaintiff asserts that the Transfers identified herein are not protected by such defenses.

**COUNT ONE**
**(Avoidance of Preferential Transfers – 11 U.S.C. § 547)**

14. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 12.

15. Each of the Transfers is avoidable under § 547(b) of the Bankruptcy Code.

**COUNT TWO**
**(Recovery of Avoided Transfers – 11 U.S.C. § 550)**

16. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 14.

17. Defendant was the initial transferee of the Transfers, or the immediate or mediate transferee of such initial transferee, or the entity for whose benefit the Transfers were made.

18. Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover the amount of the avoided Transfers, plus interest and costs.

*Prayer for Relief*

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant as follows:

a. Avoiding the Transfers pursuant to 11 U.S.C. § 547;

b. Awarding recovery of the avoided Transfers pursuant to 11 U.S.C. § 550, in the amount of $50,459.74, plus interest from the date of demand and costs of suit;

c. Granting such other and further relief as the Court may deem just and proper.

Dated: January 31, 2026

Respectfully submitted,

s/ Matt Wawrzyn______________

Matthew M. Wawrzyn (ARDC#62763138)
FISHERBROYLES, LLP
203 N. LaSalle St., Suite 2100
Chicago, IL 60601
(224) 777-1787
Matthew.Wawrzyn@fisherbroyles.com

*Counsel for Creditor Trust – Plaintiff*